## FELTON v. HORNER.

(*Knoxville.* November 1, 1896.)

COMMON CARRIER. *Liability for injury to passenger on freight train.*

A passenger taking a freight train assumes the increased risks and diminution of comfort incident to that mode of travel, and he cannot recover for an injury resulting, without the carrier's negligence, from the usual and necessary incidents of operating such trains, such as jars and jerks in coupling cars, which he negligently fails to observe and guard against.

Cases cited and approved: 17 Wall., 357; 95 U. S., 291; 27 Am. & Eng. R. R. Cas., 216; 34 *Id.*, 557; 16 Ill., 568.

---

FROM RHEA.

---

Appeal in error from Circuit Court of Rhea County. J. G. PARKS, J.

A. P. HAGGARD, and RICHMOND, CHAMBERS & HEAD for Felton.

BURKETT, MILLER & MANSFIELD for Horner.

BEARD, J. The defendant in error was a passenger traveling in a "caboose" of a local freight train operated by plaintiff in error, and was injured while the train was engaged in necessary switching at an intermediate station between the termini of her

route.   She was about sixty-three years of age, and, at the time of the accident, was, and had been for a number of years, crippled, to some extent, from a dislocation of one of her hips.   For the use of such persons as saw proper to travel on this freight train, there were fixed seats along the side of the caboose.   While the train was engaged in switching, the defendant in error rose from the seat she had been occupying, and walked to the bucket of water placed at the other end of the caboose, and, while in the act of drinking, the cars came together with a shock sufficiently violent to throw her to the floor, as a result of which, she received serious injuries. To recover damages for these injuries this suit was brought, the declaration averring that they resulted from the "carelessness, recklessness, negligence, and unskillfulness" of the defendant, "in the management of its train of cars."   On the trial the jury returned a verdict in favor of the plaintiff below for $650, and, the trial Judge declining to grant a new trial, but causing a judgment to be entered, the receiver has appealed to this Court.

The record discloses the fact that the defendant in error was familiar with railroads; that she had often ridden on passenger trains, and once before on a freight train; that for one or two years she had lived very near and in full view of a station of this road, and had watched the operation of switching the cars of freight trains; that she had frequently seen, while this work was being done, the cars run

back against the caboose, and, to use her own words, "had heard the noise," and had observed the "jolt of the cars when they hit together in taking up and when they gave out slack, many a time." In addition, the evidence shows that while this shock from the coupling of the cars was severe enough to knock down the defendant in error, or cause her to fall down (for her testimony puts it in this alternative form), yet it was no greater than is usual or necessary in the switching or coupling of a freight train.

It is true that when a railroad company takes one as a passenger in the caboose attached to its freight train, the "highest degree of carefulness and diligence is expressly exacted." *Railroad Co.* v. *Lockwood*, 17 Wall., 357; *Indiana & St. Louis Railroad Co.* v. *Horst*, 95 U. S., 291. But "undoubtedly a passenger taking a freight train takes it with the increased risks and diminution of comfort incident thereto; and if it is managed with the care requisite for such trains, it is all those who embark on it have a right to demand." *Chicago, etc., Railroad Co.* v. *Hazzard*, 26 Ill., 373. So that this rule of diligence in caring for the safety of passengers, while it imposes the duty of great vigilance upon the common carrier, yet has its limitations. As was said by the Supreme Court of the United States in *Indiana & St. Louis Railroad Co.* v. *Horst, supra*, "the terms in question do not mean all the care and diligence the human mind can conceive of, nor such as will render the transportation free from any possible peril,

nor such as would drive the carrier from his business. It does not, for instance, require, with respect to either passenger or freight trains, steel rails, and iron or granite cross-ties, because such ties are less liable to decay, and hence safer than those of wood; nor upon freight trains air-brakes, bell-pulls, and a brakeman upon every car, but it does require everything necessary to the security of the passenger upon either, and reasonably consistent with the business of the carrier and the manner of conveyance employed."

While the duty of diligent care upon the part of the common carrier in looking after the safety of his passenger is not diminished by reason of the fact that he is traveling on a freight train, yet, in view of the known risks incident to such travel, the duty of caution upon his part is correspondingly increased. *Harris* v. *H. & St. J. R. R.* (Mo.), 27 A. & E. R. R. Cas., 216; *Smith* v. *R. & D. R. R.* (N. C., 1888), 34 A. & E. R. R. Cas., 557; *C. & G. R. R.* v. *Fay*, 16 Ill., 568.

In *Wallace* v. *Western North Carolina Railroad*, 98 N. C., 94 (S. C., 34 A. & E. R. R. Cas., 553), the Court says: "A caboose attached to a freight train does not furnish all the appliances and conveniences for the safety and comfort of passengers that are furnished for passenger trains, and, while it is the duty of the company carrying passengers on such a train to exercise any reasonable care and take any precaution against injury or damage to the life

of such passengers which the appliances for that mode of transportation will admit of, it is also the duty of the passenger who travels on such a train, with full knowledge of the increased risk incidental thereto, to be correspondingly careful in guarding against injury by reason of the risk incidental, to such mode of travel. An act may be negligent or not, according to attendant circumstances; an act on a regular passenger train, with air-brakes and other appliances to secure smooth and comfortable, as well as safe, travel, may not be at all negligent in the passenger, while the same act in a 'caboose' might be careless or negligent."

The evidence in the case at bar is that the jars and jerks in the train in which defendant was at the time of the injury complained of, were not greater or more violent than were usual and necessary in coupling and uncoupling such a train, and that the employees in charge were skillful and competent. The evidence also tends strongly to show that the defendant in error would not have been injured if she had retained her seat, as there were several other persons in the caboose at the time, and no one else sustained an injury. With the knowledge which defendant in error admits she possessed as to the violence of the concussions that usually occurred in coupling and uncoupling the caboose attached to freight trains, and especially in view of her age and the infirm condition in which a previous physical injury had placed her, it is clear to us that her

failure to observe that precaution which these circumstances made proper and necessary, directly and proximately contributed to the accident for which she seeks a recovery in this case.

While the charge of his honor, the trial Judge, was admirable in character and statement, and, in a general way, embraced the principles herein indicated, yet, we think the plaintiff in error had the right to have put to the jury its theory of contributory negligence as being the proximate cause of the injury received by defendant in error, in a concise and sharply defined instruction, and that he erred in declining to grant to plaintiff the special request, which was in the following words: "If the jury believe, from the evidence, that the plaintiff knew, or by the exercise of ordinary care could have known, that the train had been stopped to do some switching, and by the exercise of ordinary care could have known that a part of the train was likely to be backed against the part to which the caboose was attached, and that some concussion or jar would be likely produced in the caboose; and that the plaintiff, without thinking of the approach of the cars, and without paying any attention to whether the cars were approaching or not, left her seat to get water, and stood up in the car, and was thrown down and injured, when she would not have been had she kept her seat, then the plaintiff could not recover because of her contributory fault."

For this error the cause is reversed, and remanded for a new trial.