## LARRABEE v. McGUINNESS.

(Circuit Court of Appeals, Third Circuit. November 27, 1908.)

### No. 17, October Term, 1908.

MASTER AND SERVANT (§ 274*)—INJURIES TO SERVANT—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE — ADMISSIBILITY OF EVIDENCE OF OBSERVATIONS MADE AFTER ACCIDENT.

. In an action by a chambermaid in a hotel against the proprietor to recover for an injury caused by plaintiff's falling down an elevator shaft which she entered through a door partially open, supposing it to be a room, on the issue of contributory negligence it was error to exclude evidence offered by defendant of conditions as to light as observed by witnesses who afterward examined the place, where there was evidence that such conditions were substantially the same as at the time of the accident, and at least as favorable to plaintiff.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 274.*]

In Error to the Circuit Court of the United States for the District of New Jersey.

Edmund Wilson, for plaintiff in error.

John H. Backes, for defendant in error.

Before DALLAS and GRAY, Circuit Judges, and ARCHBALD, District Judge.

ARCHBALD, District Judge. The plaintiff was a chambermaid in the employ of the defendant, who kept a hotel at Lakewood, N. J., and fell down the baggage elevator shaft from the third sleeping story to the basement, receiving serious injuries. The hotel was principally used as a winter resort, and the plaintiff went to work there August 21, 1905, before the season opened, the accident occurring September 1st, when the upper stories were still unoccupied. On the day in question she was set to cleaning these up by the defendant's housekeeper, preparatory to the fall business, and in the course of her duties went to the third sleeping floor, where, after unlocking and opening up the first room that she came to—raising the windows, and throwing back the shutters to let in light and air—she proceeded to the next door to the left, in the hallway, supposing that it led into another bedroom. Unfortunately, but unknown to her, it was the opening into the elevator shaft, the door of which had been left ajar by the man in charge, to air it out and dry it. He had endeavored to protect and barricade the way by putting across the opening the headboard, footboard, and springs of an iron bed, and this opposed the plaintiff's progress when she attempted to enter. But the place was dark, and supposing they were a mere obstruction, she pushed by them, putting them sufficiently aside to enable her to do so, and was precipitated to the bottom of the shaft, breaking the bones of her right arm so that it had to be amputated at the shoulder, and otherwise crippling and injuring herself. The jury gave a verdict for $7,000, thus in effect finding that the defendant was negligent in not sufficiently guarding the elevator opening, and absolving the plaintiff from any want of care in walking into it in the dark without knowing what there was before her.

The facts on which the defendant's negligence was predicated being practically undisputed, the real issue was the contributory negligence of the plaintiff, and whatever bore upon it was therefore of importance. There are cases, as there are considerations, which would possibly justify us in holding as a matter of law that walking, as the plaintiff did, into a dark place where, as she says, she could not see and did not know what she would encounter, was negligence per se, precluding a recovery. But without stopping upon that, it certainly was material to show to the fullest extent the conditions with which she was confronted, and to that end the defendants offered to prove by several witnesses the observations which they had made on the spot as to what could have been seen by the plaintiff upon the occasion in question if she had been careful to do so. This was ruled out upon the ground that the conditions were not the same at the time of the observations as they were at the time of the accident, and that the evidence was

conflicting. That they should be substantially the same, and that the court should be reasonably satisfied of this, is of course unquestioned. 17 Cyc. 285. But that there should be complete correspondence in every particular, or that this should appear beyond controversy, would seem to be holding the rule too strictly.

In the present instance the accident occurred about 11 in the morning. The first part of the day had been clouded and showery, but it had cleared and the sun was shining. The hallway on which the elevator shaft opened ran east and west, and was lighted by a large window at the eastern end; and a few feet from the door of the shaft, on the north side of the hall, was an alcove, also having a large window. The alcove window had no shutters, and there was evidence that those of the hall window were open at the time of the accident, the light from without the building being thus admitted freely. The hall and the alcove windows were the principal, if not the only, sources of light, none other getting in except as it came through the transoms over the doors of the sleeping rooms when the shutters of these rooms were open. The experiments made by the defendant's witnesses were conducted on the morning of a day similar in character to the day of the accident, so that the light conditions outside were practically identical, and, the alcove window having no shutters, the light from there was unobstructed upon both occasions. The only question is whether the shutters on the hall window were open, as they were the day of the accident, and whether those of the different sleeping rooms were thrown back, the doors being closed, as to which there is no evidence. The absence of the bed frame and bed springs, by which the elevator entrance was obstructed, is claimed to be another point of dissimilarity. And it is also urged that the observations of the witnesses were made from across the hall, and not immediately at the elevator, after coming, as the plaintiff did, from the adjoining room, with its light blinding her. These are the different circumstances relied upon to justify the exclusion of the evidence offered. But in our judgment they indulge in over-refinement. The observations of the defendant's witnesses took the place of a view, and were material to a correct understanding of the situation. If the jury could have gone in person to the place, they would have seen for themselves. But this being impracticable, the only thing left was to describe it as it appeared to the eyes of others; and this involved all that was or could be seen by them. The most serious discrepancy is the absence of evidence as to whether the shutters on the window at the east end of the hall were open or closed when the witnesses were there. But we do not regard this as vital. If open, the conditions were the same; while, if closed, the circumstance favored the plaintiff, the hall being darker when the tests were made, with less ability for any one to see, than at the time of the accident.

It is said that the rejected evidence was in the nature of an experiment, which it was for the court to reject or allow in its discretion. But we do not think it is altogether to be so regarded. It was descriptive, rather, the witnesses being called to tell what they saw or could see there. Even treating it, however, as an experiment, it was a

most important one, going to the root of the case, the rejection of which was a denial of material proof to which the defendant had established a right, and to which, therefore, he was entitled.

The judgment is reversed, and a new trial awarded.