Rose Wray *v.* Fairfield Amusement Company.

Maltbie, C. J., Hinman, Avery, Brown and Jennings, Js.

Argued December 7, 1939—decided January 3, 1940.

*Mark C. Candee,* for the appellant (plaintiff).

*William Reeves,* for the appellee (defendant).

JENNINGS, J.   The plaintiff, a passenger for hire on a roller coaster operated by the defendant, was injured.   Her appeal from an adverse judgment is based

on certain rulings on evidence and on the charge to the jury.

The plaintiff called Charles J. Falk as an expert on the maintenance and operation of scenic railways. He testified that he had been employed for ten years as an inspector of elevators by the city of New York and that his duties included the inspection of amusement devices such as roller coasters, that there were two such devices in his jurisdiction and that he had observed and examined similar devices at Coney Island, Asbury Park and Rye. A description given by the defendant dealing with the length of the particular ride, its time and various other conditions, was read to him and a plan and photograph of the device in question were shown to him. He then testified that he was able to determine the nature and character of the ride in question and that there were certain things employed for the protection of passengers according to the generally accepted use, custom and practice of roller coaster operators. A question as to what those things were was excluded on objection, the court saying: "Yes, it is quite apparent his knowledge is only that of somebody who knows what is happening down in New York City. I don't believe he is qualified to give an opinion in the first place, even if it is admissible."

The reasons given for the exclusion of this question are not convincing nor have any others been suggested which make it objectionable. His experience of ten years in territory similar to and adjoining that in which the defendant operated was extensive. He was not asked his opinion. He was asked to testify to the fact as to what general use, custom and practice existed.

While, as stated, the opinion of the witness was not asked, he was offered as an expert in the sense that he

had special knowledge of the subject in question. *Bryan* v. *Branford,* 50 Conn. 246, 248. The question under consideration arises ordinarily when an objection to the qualifications of an expert are overruled and it is rare that a ruling on the allowance of such testimony is found erroneous, since the qualification of an expert is in the discretion of the trial court. *Coffin* v. *Laskau,* 89 Conn. 325, 329, 94 Atl. 370; *Stressman* v. *Vitiello,* 114 Conn. 370, 375, 158 Atl. 879; *Aubrey* v. *Meriden,* 121 Conn. 361, 368, 185 Atl. 87. The underlying principle is that if any reasonable qualifications can be established, the objection goes to the weight rather than to the admissibility of the evidence. Where it clearly appears that an expert witness is qualified to give an opinion, the exclusion of his testimony may be found to be erroneous. *Germania Life Ins. Co.* v. *Ross-Lewin,* 24 Colo. 43, 53, 51 Pac. 488. See also *State* v. *Main,* 69 Conn. 123, 141, 37 Atl. 80; *Fayette* v. *Chesterville,* 77 Me. 28, 33. The general use, custom and practice which existed in the operation of the device was relevant upon the issue whether the defendant had exercised reasonable care. *Firszt* v. *Capitol Park Realty Co.,* 98 Conn. 627, 639, 120 Atl. 300; *Dibble* v. *New York, N. H. & H. R. Co.,* 100 Conn. 130, 140, 123 Atl. 124; *Pope Foundation, Inc.* v. *New York, N. H. & H. R. Co.,* 106 Conn. 423, 435, 138 Atl. 444; *Sickmund* v. *Connecticut Co.,* 122 Conn. 375, 382, 189 Atl. 876. Since the witness was not allowed to testify, his testimony is not in the record. The statement in the finding is clear as to what information the plaintiff was seeking to elicit. *Herzig* v. *Sandberg,* 54 Mont. 538, 542, 172 Pac. 132. The cases cited show that this information was relevant and might have proved important. The refusal to allow the witness to testify was an abuse of discretion.

The defendant offered evidence by several witnesses that if a hat or sandbag were placed on the seat of a car, it would remain unmoved on the seat throughout the entire ride. These witnesses, as experts, further testified that air pressure tends to hold passengers against the back of the seat and that on a down grade a passenger is thrown not forward but back. In rebuttal the plaintiff recalled Mr. Falk who had already testified that from information in evidence he could determine the nature and character of the ride in question. After testifying further that he had had frequent occasion to ride on similar roller coasters, he was then asked whether in the course of his duties he had had occasion to make tests to determine in which way force exerts itself when a car on such a railway goes down a dip. On objection the question was excluded, as were further questions along the same line, on the ground that he had no experience with the roller coaster in question. While he was not offered as a technical expert, the conditions surrounding the experiments performed by the witness, as far as developed, made his testimony relevant and to exclude it was error. *Sickmund* v. *Connecticut Co.*, supra. To make evidence of experiments performed out of court admissible the conditions need not be identical but should be essentially similar, that is, similar in all those factors necessary to make the comparison a reasonably fair and accurate one. *McPheters* v. *Loomis*, 125 Conn. 526, 536, 7 Atl. (2d) 437; 4 Chamberlayne, Evidence, § 3169; notes, 8 A. L. R. 18, 85 A. L. R. 479. As far as can be determined from the record, the evidence was rebuttal in the strictest sense. *Lord & Taylor, Inc.* v. *Yale & Towne Mfg. Co.*, 230 N. Y. 132, 140, 129 N. E. 346.

The defendant introduced testimony over the objection of the plaintiff that one hundred and thirteen

thousand and eighty-seven passengers had ridden on this particular railway without injury during the season of 1937. The plaintiff did not claim that either the construction or operation of the roller coaster in general was negligent as was the case, for instance, in *Murphy* v. *Steeplechase Amusement Co., Inc.,* 250 N. Y. 479, 166 N. E. 173, but that the particular seat occupied by the plaintiff and the equipment thereof were defective. Under the rule, in order to make such testimony admissible it must be shown that conditions were substantially the same. *Antel* v. *Poli,* 100 Conn. 64, 76, 123 Atl. 272; *Wilkins* v. *G. Fox & Co., Inc.,* 125 Conn. 738, 739, 7 Atl. (2d) 434. Under the circumstances disclosed by the finding, only testimony as to the ride of passengers in the particular seat in question would be proper. As indicated in *Godfrey* v. *Connecticut Co.,* 98 Conn. 63, 69, 118 Atl. 446, testimony of this character may be so persuasive as to be almost conclusive. It is therefore of particular importance that the limitations imposed on its admission should be adhered to. It does not appear how many of these passengers, if any, rode on the seat in question. The objection should have been sustained.

Two assignments of error are directed to the charge. The defendant claimed to have proved that the plaintiff was suffering from a peculiar bone condition which rendered her very susceptible to fractures, that she had suffered seventeen fractures during her life and that she knew of this condition. It also claimed that the plaintiff had watched the operation of the roller coaster from a neighboring field and had viewed one complete ride from the platform while waiting for a seat in the car. The court charged in this connection, in effect, that if the plaintiff knew of the danger to herself from her peculiar bone condition, it was her

duty to exercise such care as a reasonably prudent person suffering from that condition would take under those circumstances. *Kerr* v. *Connecticut Co.,* 107 Conn. 304, 308, 140 Atl. 751; *Kerin* v. *Baccei,* 125 Conn. 335, 338, 5 Atl. (2d) 876; *Felton* v. *Horner,* 97 Tenn. 579, 37 S. W. 696. Under the claims of proof this charge was correct.

Complaint is also made of the charge on assumption of risk, based on similar claims of proof. The charge correctly defined assumption of risk in substantial accordance with the statement in *Freedman* v. *Hurwitz,* 116 Conn. 283, 286, 164 Atl. 647. The doctrine is ordinarily applicable in cases concerning amusement devices of this character because a passenger knows in a general way the risks involved. *Murphy* v. *Steeplechase Amusement Co., Inc.,* supra. In this case, however, the plaintiff expressly disavowed any claim of negligence in the construction and operation of the device except as to the insecurity of the seat occupied by her and the insufficiency of the protecting strap. The first condition of the application of the doctrine is that the plaintiff knew or ought to have known of the danger or defective condition which eventually injured her. Since there was no claim of proof that she knew or ought to have known of the specific defect claimed, assumption of risk was not in the case and the charge should not have been given. *Dean* v. *Hershowitz,* 119 Conn. 398, 412, 177 Atl. 262. The claim of the defendant that because of the condition of the plaintiff's bones, she assumed the risk attendant on even the normal operation of the device, ignores the necessary condition precedent of negligence on the part of the defendant. In the absence of some negligent act on the part of the defendant, neither a cause of action nor an occasion for the appli-

cation of the doctrine would arise.  *Freedman* v. *Hurwitz*, supra, 288.

There is error and a new trial is ordered.

In this opinion the other judges concurred.