HELEN GURECKI, ADMINISTRATRIX (ESTATE OF JOSEPH GURECKI) *v.* WALTER JOHNSON

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and RUBINOW, Js.

Argued May 4—decision released June 13, 1978

*Waldemar J. Lach,* for the appellant (plaintiff).

*John W. Lemega,* with whom, on the brief, was *Thomas J. Hagarty,* for the appellee (defendant).

PER CURIAM. This appeal stems from an action to recover damages for personal injuries resulting in the death of the plaintiff's decedent, alleged to have been caused by the defendant's negligent operation of an automobile. From the judgment rendered on the verdict for the defendant, the plaintiff appealed to this court, claiming error in the action of the trial court in permitting improper cross-examination, in the admission of a police report into evidence, and in the denial of her motion for a new trial.

The trial court exercises a broad discretion in permitting cross-examination. *Akers* v. *Singer,* 158 Conn. 29, 36, 255 A.2d 858; *Papa* v. *Youngstrom,* 146 Conn. 37, 40, 147 A.2d 494. The printed record is somewhat contradictory as to the subject matter and extent of the direct examination and cross-examination in question. In such a case, we may consult the transcript of evidence on file. Practice Book, 1963, § 628Q. The transcript reveals that the cross-examination by the defendant was reasonably within the scope of the direct examination and that the court did not err in permitting it.

With respect to the admission of the police report, the record reveals that the plaintiff failed to object to its admission so as to preserve her rights to make that ruling a ground of appeal. Practice Book, 1963, §§ 226, 631A. Where no objection is made to rulings on evidence, this court cannot review them. *State* v. *Williams,* 169 Conn. 322, 332, 363 A.2d 72; *State* v. *Miselis,* 164 Conn. 110, 117, 318 A.2d 102.

Lastly, the court did not err in denying the motion for a new trial. The motion was based upon evidence of a state police regulation, allegedly newly discovered, which, it is claimed, would have pre-

cluded the admission of the police report, which included a statement by the plaintiff's decedent, as a business entry. That evidence cannot serve as the basis for a new trial for two reasons: (1) it was evidence that was discoverable before trial, and (2) the statement of the plaintiff's decedent in the police report would be admissible as a declaration of the decedent under § 52-172 of the General Statutes. See *Lombardo* v. *State,* 172 Conn. 385, 390, 374 A.2d 1065; *Turner* v. *Scanlon,* 146 Conn. 149, 163, 148 A.2d 334.

There is no error.