## DAVID L. LARENSEN *v.* DAVID W. KARP ET AL.
### (2273)

TESTO, DUPONT and BORDEN, Js.

Argued October 11, 1983—decision released January 31, 1984

*Joel M. Ellis,* with whom were *William J. Butler* and *Everett F. Fink,* for the appellant (plaintiff).

*Snow Gene Munford,* for the appellees (defendants).

BORDEN, J. This case involves a nighttime collision between the plaintiff's motorcycle and the defendants' automobile[1] on June 2, 1974, at the intersection of Cottage Grove Road and Prospect Street in Bloomfield. The plaintiff appeals[2] from the judgment rendered on a verdict for the defendants, claiming that the trial court erred in two rulings on evidence.

Cottage Grove Road runs generally east and west. Prospect Street intersects with it on its northerly side. On its southerly side there are three utility poles: pole No. 2215, which was located opposite the Prospect Street intersection and which had a street light on it; pole No. 2214, which was located approximately ninety-seven feet further east and which had no street light on it; and pole No. 2213, which was located approximately 210 feet further east from pole No. 2215 and which had a street light on it. The lights on poles No. 2215 and No. 2213 were on at the time of the accident. The collision took place as the plaintiff was traveling west on Cottage Grove Road and the defendant, traveling east on Cottage Grove Road, was making a left hand turn onto Prospect Street. The defendant operator claimed that he had his headlights on; that he stopped for about fifteen seconds in the center of the road before making his turn; that he did not see the plaintiff's motorcycle before the collision; and that the

---

[1] The defendants were the operator and the owner of the automobile.

[2] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

motorcycle was traveling without headlights on. Both parties offered evidence on the issue of whether the plaintiff's headlight was on or off at the time of the collision. The point of impact was located in the westbound lane of Cottage Grove Road, eighteen feet from the southerly curb, opposite pole No. 2215 and about six feet east of the intersection. A critical and hotly contested issue in the case was the visibility of the plaintiff's motorcycle.

I

The plaintiff first claims that the court erred in permitting cross-examination of the plaintiff's witness, Earl Flynn, beyond the scope of his direct examination. We disagree.

On direct examination, Flynn, a consulting engineer hired by the plaintiff, testified as to the general conditions and topography of the area. His testimony included the locations of the utility poles, which of them had illumination and the daytime visibility in either direction from the intersection. On cross-examination he testified without objection to the type of illumination in the area. He then testified, over the plaintiff's objection based on the scope of the direct examination, that pole No. 2215 had a dented eggshell-type reflector which created a shadowy area to the east, opposite pole No. 2214.[3]

The trial court has broad discretion in determining whether cross-examination is beyond the scope of the direct examination. *Gurecki* v. *Johnson,* 175 Conn. 297, 298, 398 A.2d 311 (1978). Flynn's testimony on direct examination included the location of and illumination on the utility poles, and the visibility in the area, albeit and ostensibly in the daytime. The principal issue in

---

[3] The plaintiff did not raise here the objection that the condition of the reflector found by Flynn was not shown to be similar to its condition on the night of the accident. See footnote 4, infra.

the case, however, was nighttime, not daytime, visibility. It was within the court's broad discretion to permit this inquiry into the effect on visibility of the illumination on pole No. 2215.

## II

The plaintiff next argues that the court erred in admitting, on further cross-examination of Flynn, evidence of an out-of-court experiment at the scene of the accident on the issue of the visibility of the plaintiff's motorcycle. Prior to the ruling, Flynn testified essentially as follows. On the night of April 12, 1977, approximately three years after the accident, he visited the scene with the plaintiff's counsel. He placed an unmanned motorcycle up against the fence, opposite pole No. 2214, off the traveled portion of and on the northerly side of Cottage Grove Road. The eggshell-type reflector on pole No. 2215 had a dent in it which increased the shadowy area to its east, which was the area opposite pole No. 2214, but he did not know if that dent had been there on June 2, 1974.[4] He did not know the condition of the light on pole No. 2213 on June 2, 1974. There was no moonlight on the night of April 12, 1977, but he did not know whether there was moonlight on the night of June 2, 1974. There was no evidence offered prior to the testimony at issue that the motorcycle used in the experiment had the same kind of front reflectors as that of the plaintiff, or any such reflectors; or that it was of the same orange, metallic and black colors as that of the plaintiff, or of similar colors.

Over the plaintiff's objection that insufficient similarity of conditions had been shown, the defendants were permitted to elicit from Flynn that from a standing

---

[4] The court had earlier sustained the plaintiff's objection to Flynn's testimony as to the visibility of the motorcycle because of an absence of evidence that the dent was also there on June 2, 1974. The defendants made no subsequent effort to provide this evidence.

position in the road about eighty feet west of the intersection he could not see the motorcycle. "To make evidence of experiments performed out of court admissible the conditions need not be identical but should be essentially similar, that is, similar in all those factors necessary to make the comparison a reasonably fair and accurate one." *Wray* v. *Fairfield Amusement Co.,* 126 Conn. 221, 225, 10 A.2d 600 (1940); *McPheters* v. *Loomis,* 125 Conn. 526, 536, 7 A.2d 437 (1939). We are mindful that the question of the similarity of conditions lies in the sound discretion of the trial judge, to be disturbed only in case of an abuse of that discretion. *State* v. *Castagna,* 170 Conn. 80, 90, 364 A.2d 200 (1976); *State* v. *Vennard,* 159 Conn. 385, 395, 270 A.2d 837 (1970), cert. denied, 480 U.S. 1011, 91 S. Ct. 576, 27 L. Ed. 2d 625 (1971). We are constrained, nonetheless, to conclude that the court erred in overruling the plaintiff's objection.

The visibility of the plaintiff's motorcycle at and prior to the collision was a key issue and was seriously disputed in the case. The collision took place eighteen feet from the southerly curb of the road, in the westbound travel lane, six feet east of the intersection. It was between an automobile, which had stopped for fifteen seconds at the intersection with its headlights on and was turning left, and a moving, manned motorcycle traveling west on the highway. The experiment demonstrated the lack of visibility, from a standing position eighty feet west of the intersection, of an unmanned motorcycle leaning up against a fence off the travel portion of and on the northerly side of the road opposite an area made more shadowy by a dent in a reflector not shown to be present on the night of the accident. There was no showing that there was any similarity of the colors or reflecting ability of the experimental motorcycle, or that the amount of moonlight on the night of the experiment was comparable to that of the

night of the collision. Both Flynn and the motorcycle were stationary in the experiment and Flynn did not have the benefit of automobile headlights shining forward. Under these circumstances the conditions of the experiment on visibility were not sufficiently similar in those factors necessary to make the comparison to the conditions on the night of June 2, 1974, a reasonably fair and accurate one. *Wray* v. *Fairfield Amusement Co.,* supra.

There is error, the judgment is set aside and the case is remanded for a new trial.

In this opinion TESTO, J., concurred.

DUPONT, J. (dissenting). I do not agree that the admission, over the objection of the plaintiff, of the out-of-court experiment performed by the plaintiff's witness at the scene of the accident, was an abuse of discretion by the trial court. The principal issue in the case was the nighttime visibility of the plaintiff's motorcycle.The defendant operator testified that he did not see any headlight on the plaintiff's motorcycle, and that there was no light on the motorcycle after the accident. The police officer who arrived at the scene shortly after the accident testified that the motorcycle's headlight was not shining when he saw the motorcycle. An expert witness of the defendants testified that, in his opinion, the headlight of the motorcycle was not on at the time of the collision. He had examined the very lamp of the motorcycle's headlight and had concluded that abnormalities in it were there prior to the accident and were not the result of the collision. A witness for the plaintiff testified that the headlight was lit when he saw the plaintiff drive away from the witness's place of business. Other testimony would indicate that between twenty minutes to a half hour had elapsed from then until the time of the accident. Whether the plaintiff's motorcycle was visible to the defendant operator

depended, in large part, upon whether the jury believed its headlight was lit or not at the time of the accident and, if it was not lit, whether the defendant operator could see the plaintiff's motorcycle and avoid the accident.

The results of the experiment conducted by the plaintiff's expert were that when an unmanned motorcycle without a lit headlight was propped upright on the side of the road, approximately opposite pole No. 2215, it was "more or less invisible," from a standing position in the road about eighty feet away. This testimony was allowed during the cross-examination of the plaintiff's expert. The experiment was conducted approximately three years after the accident at the request of the plaintiff.

The plaintiff objected to the introduction of the testimony because the conditions during the experiment were "not exactly the same" as those existing on the night of the accident. The defendants did not claim that the motorcycle used in the experiment was the same one involved in the accident, or that the accident involved a collision with a motorcycle off the travel portion of the road. The testimony elicited on cross-examination made that clear to the jury. The defendants claimed that the evidence was relevant to the issue of where in the area visible conditions existed, assuming the motorcycle were without a lit headlight. Without objection, the expert was allowed to state the purpose of the experiment as being the ascertainment of visibility if the motorcycle had no lights.

The majority has concluded that the evidence was not admissible because the conditions of the experiment were not sufficiently similar to the conditions prevailing on the night of the accident, and that a new trial is necessary because of the claimed error in the allowance of the testimony relating to the experiment.

Connecticut decisions abound with the principle that the trial court has capacious discretion to allow or disallow evidence based upon its determination of what is relevant and material. *State* v. *Castagna,* 170 Conn. 80, 90, 364 A.2d 200 (1976); *Steiber* v. *Bridgeport,* 145 Conn. 363, 366, 143 A.2d 434 (1958); *Wray* v. *Fairfield Amusement Co.,* 126 Conn. 221, 224, 10 A.2d 600 (1940). Relevant evidence is that which has a logical tendency to aid the trier in the determination of an issue, and there can be no universal test in the determination of what constitutes relevancy. Tait & LaPlante, Handbook of Conn. Evidence § 8.1.

An abuse of discretion occurs when a decision is made which practically amounts to a denial of justice, such as arriving at a clearly erroneous conclusion which is clearly against logic and the facts presented. Ballantine's Law Dictionary (3d Ed. 1969). In determining whether there has been an abuse of discretion, the circumstances of each case must be considered, with one of the factors being the fairness to an opposing party. *DuBose* v. *Carabetta,* 161 Conn 254, 263, 287 A.2d 357 (1971).

Although evidence of an out-of-court experiment in which the conditions are materially different from those prevailing at the time of the event in question should be excluded, it is the trial court which is given the discretion to determine if the test conditions are similar enough to be admitted. *State* v. *Castagna,* supra. Of course, the extent to which the conditions differ may be considered by the jury in determining the weight of such evidence. The trial court's ruling should not be disturbed unless there has been an abuse of discretion. *State* v. *Vennard,* 159 Conn. 385, 395–96, 270 A.2d 837 (1970), cert. denied, 400 U.S. 1011, 91 S. Ct. 576, 27 L. Ed. 2d 625 (1971).

The test of admissibility is not whether there is an exact duplication of conditions but whether there is an essential similarity of factors which make the comparison reasonably fair and accurate. *Wray* v. *Fairfield Amusement Co.*, supra, 225; *McPheters* v. *Loomis*, 125 Conn. 526, 536, 7 A.2d 437 (1939).

The majority reasons that the conditions of the experiment were too discordant to allow introduction into evidence, and cites the lack of known similarity between the dent existing in the eggshell-type reflector of pole No. 2215 in 1977 and that existing at the time of the 1974 accident, as well as the lack of similarity in the placement of the motorcycle, the atmospheric conditions, and the color and reflectors of the experimental motorcycle.

Cases involving out-of-court experiments relating to visibility are collected in the annotation at 78 A.L.R.2d 152. Most courts allow a broad latitude in the exercise of discretion as to whether to admit the results of those experiments into evidence. Such discretion extends to a determination of whether the introduction of the evidence enlightens or aids the jury, as opposed to misleading it.

Even where an out-of-court experiment is conducted two years after an accident, at a time when the intersection where the accident occurred had been regraded, had had stop signs placed on it, and had different vegetation, there was no abuse of discretion in the introduction of the experiment into evidence as long as it is instructive and the jury is aware of the changes. *Galbraith* v. *George*, 217 N.W.2d 598, 602 (Iowa 1974). "Only rarely will an experiment take place under conditions identical to those present at the time of the happening of the accident." Id.

The trial court should determine whether differences between the actual conditions and the experimental

conditions, such as the use of different vehicles and different vantage points, prevent admissibility in light of all the surrounding facts and circumstances. *Terrell v. Lovelace,* 65 Ill. App. 3d 332, 336–37, 382 N.E.2d 135 (1978). In a case very similar on its facts to the present case, it was held that there was no abuse of discretion in the admission of an out-of-court experiment which purported to show the distance at which a reflector on the bicycle of the plaintiff could be seen at night and which was conducted shortly before the trial. *Briggs* v. *United Fruit & Produce, Inc.,* 11 Wash. 2d 466, 119 P.2d 687 (1941). In that case, the particular dissimilarities at the time of the experiment were that snow was present, the reflector on the bicycle had been cleaned, there was no moonlight, and the bicycle was placed on a concrete portion of the highway instead of on a dark asphalt portion of the highway upon which the accident had occurred.

The testimony of a witness who conducted an out-of-court experiment in a case where the issue was the amount of light in a particular area should not be excluded even though the witness's observations were made from a different vantage point, with a different placement of objects which might have interfered with visibility, and with it being unknown whether the lighting conditions were exactly the same. *Larrabee* v. *McGuinness,* 165 F. 169, 171 (3d Cir. 1908). That court determined that a requirement of a similarity of conditions is to indulge in "over-refinement," and that it was error to exclude testimony about the experiment.

The exercise of discretion to omit evidence in a civil case should be viewed more critically than the exercise of discretion to include evidence. It is usually possible through instructions or admonitions to the jury to cure any damage due to inclusion of evidence, whereas it is impossible to cure any damage due to the exclusion of evidence.

The jury in the present case was made aware that it was unknown whether the dent in the reflector of pole No. 2215 was there in 1974. The jury knew that the motorcycle supplied by the plaintiff in the experiment was similar to but not the same as the one involved in the accident, it knew that the placement of the motorcycle was different from its position at the time of the accident, and it knew that it was unknown whether there was moonlight at the time of the accident.

The plaintiff chose the conditions of the experiment and obtained a report from his own expert as to the results. The introduction on cross-examination by the defendants of the results of the experiment conducted by the plaintiff's witness caused no injustice since the results enlightened the jury on the issue of visibility of the motorcycle in the area, assuming its headlight was not lit, and since the jury was made aware of any dissimilarity in conditions.

I would hold that there was no abuse of discretion, under the facts and circumstances of this particular case, to allow the testimony of the plaintiff's own expert relating to an experiment involving the visibility in the general area of a similar motorcycle without a functioning headlight.

A trial court has the advantage of having heard all of the evidence. When its rulings, made in the heat of forensic fusillade, provide a fair forum in which to test the absence or presence of liability, this court should not disturb such rulings.

I would find no error.