THE WILLIAM WILCOX MANUFACTURING COMPANY *vs.*
ANTOINE BRAZOS.

First Judicial District, Hartford, October Term, 1901.
TORRANCE, C. J., BALDWIN, HAMERSLEY and HALL, JS.

An agreement by the contractor of a dam " to rebuild it " in case it should be destroyed within a limited time by water, implies a rebuilding upon the original plans and specifications and not the erection of a more substantial and expensive structure. Accordingly, if such plans and specifications call for an insufficient dam, and are illegal because not approved by a civil engineer as required by General Statutes, §§ 3699, 3700, and by Chap. 213 of the Public Acts of 1893, the agreement to rebuild is itself illegal and cannot be enforced against the contractor.

When an action is brought upon an illegal agreement, either party may plead the facts showing the true nature of the transaction, and if it appears that both are in equal fault the law will leave them where it finds them.

Argued October 1st—decided December 20th, 1901.

ACTION to recover damages for breach of contract to rebuild a dam destroyed by water, brought to the Superior Court in Middlesex County, where a demurrer to certain paragraphs of the answer was overruled (*Prentice, J.*), and the case was afterwards tried to the court, *Roraback, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff for alleged errors in the rulings of the court. *No error.*

The amended complaint alleged that the defendant's firm had built a dam and wall for the plaintiff, and, before it had been inspected or accepted, requested payment of the final

Wilcox Mfg. Co. v. Brazos.

instalment of about $1,000; that in consideration of the receipt of that sum before inspection (which was paid), the defendant promised to " build another dam and wall on the same site and place as the one in question, which should be constructed in a lawful and workmanlike manner, in the event that said dam and wall already built should be carried away or destroyed by force of water within ten years " thereafter. This agreement was, by reference, made part of the complaint, from which it appeared that if the dam failed to stand for ten years the defendant agreed to rebuild it at once, provided it was destroyed or damaged by water only. There was no express agreement to rebuild it in a lawful and workmanlike manner.

The answer denied the allegations of the complaint, and averred that the plaintiff made the plans and specifications upon which the dam was originally built by the defendant's firm, and that they had not been submitted to nor approved by a civil engineer, nor had the dam been inspected or approved, as by law required; that it was constructed in a locality where the life and property of others than the plaintiff were endangered through its insufficiency; and that the dam failed to stand because of such defective plans and specifications and by reason of the defective stone and other material which the plaintiff furnished and required the defendant to use.

To this answer the plaintiff demurred, mainly upon the ground that the facts therein stated were immaterial and irrelevant, and did not deny any material allegation of the complaint. The demurrer was overruled, and the plaintiff then replied denying the averments of the answer. The defendant had a judgment and the plaintiff appealed.

This statement appears in the finding: " I find that the contract of December 25th, 1895, and that of April, 1896, was to build and rebuild a dam in a locality where life and property of other persons than the plaintiff were endangered, and that the plans and specifications for said dam had not been submitted by the plaintiff to a member of the state board of civil engineers in accordance with the statutory re-

quirements of this State.  Although these allegations are found substantially proven and true, yet I am of the opinion that they are manifestly insufficient as a defense, and that all the evidence offered in this connection was immaterial."

*Charles A. Pelton*, for the appellant (plaintiff).

*Clarence E. Bacon*, for the appellee (defendant).

HALL, J.  The only cause of action described in the complaint is the nonperformance of the defendant's written contract to rebuild the plaintiff's dam.  According to the defendant's promise as stated in the written instrument made a part of the complaint, he agreed to rebuild the dam which he and his sons had just constructed for the plaintiff, in the event of its being carried away within ten years.  As the contract is elsewhere described in the complaint,—evidently with the purpose of stating it according to its legal effect,— the defendant promised, in case the dam should be thus carried away, to build another one, upon the same site, in a lawful and workmanlike manner.

The paragraphs of the answer which were demurred to, contain a complete defense to any claimed liability of the defendant upon a contract to rebuild the dam according to the plans and specifications upon which it was constructed by the defendant and his sons.

Section 3699 of the General Statutes is as follows : " When any person or corporation purposes constructing a dam or reservoir in a locality where the life or property of any other persons may be endangered through the insufficiency thereof, the plans and specifications for such dam or reservoir shall be submitted to any member of said board of civil engineers, who shall examine the ground where the dam or reservoir is to be built, and the plans and specifications therefor, and if he approve the same, he shall issue a certificate authorizing the construction of such dam or reservoir, and no such dam or reservoir shall be constructed without such approval and certificate."

Section 3700 provides for an inspection of the dam during its construction by the engineer under whose authority it is being built, and that such dam or reservoir shall not be used until a certificate approving of the same has been obtained from such engineer and recorded in the town clerk's office.

Chapter 213 of the Public Acts of 1893, p. 363, imposes a penalty of $500 upon any person or corporation who shall build any dam or reservoir except in compliance with § 3699, or who shall use any dam thereafter constructed until they shall have obtained a certificate as provided in § 3700; and provides that any person constructing or using such dam or reservoir, without having complied with said sections, may be enjoined from constructing or using such dam or reservoir, and that it shall be the duty of the State's Attorney to institute any proper action to recover such penalty, and to enjoin the construction and use of such dam or reservoir.

From the facts alleged in the answer demurred to, it not only appears that the plaintiff became liable to the payment of the penalty prescribed by the statute, by having built the original dam without complying with the statutory requirements, but that the building of the original dam, as well as its use after it was constructed, were expressly forbidden by law. It is alleged in the answer that the original dam was constructed in a locality where the lives and property of others was endangered; that the plans and specifications furnished by the plaintiff were not submitted to nor approved by a member of the board of civil engineers; and that the dam was carried away by reason of the insufficient and defective plans and materials.

If the agreement sued upon is a contract to rebuild the original dam, at the same place, in the same manner and upon the same unapproved and insufficient plans and specifications upon which the original dam was built, it is a contract to do something expressly prohibited by statute, and is for that reason void.

The fact that the defendant participated in making the illegal contract does not prevent him from pleading its ille-

gality.   Although it is the policy of the law not to interpose
for the purpose of aiding either party to an illegal contract
to enforce its obligations or to obtain its benefits, yet, when
an action is brought upon such an agreement, either of the
parties to it may plead the facts showing the true nature of
the transaction, and if it appears that both are in equal
fault, the law will leave the parties where it finds them.
*Funk* v. *Gallivan*, 49 Conn. 124, 128.

The plaintiff is not aided in his endeavor to enforce the
contract to rebuild, by the fact that the illegal contract to
construct the original dam has been fully performed.   Al-
though it may be necessary to refer to the first contract to
determine how the second is to be performed, the latter,
which is the basis of the present action, is an independent
contract, and, if it is an agreement to rebuild the dam as it
was originally constructed, is in itself an illegal contract.
It appears clearly enough from the pleadings, that the origi-
nal plans and specifications were not submitted to a member
of the board of civil engineers, either for the purpose of
building or rebuilding the dam, and that the required ap-
proval and certificate could not be procured for the purpose
of rebuilding upon the original plans after it had been
proven that such plans were insufficient.

The contention that the defendant promised by the written
agreement, that in case the first dam failed to stand he
would build another which should be constructed in a law-
ful manner, that is, upon such plans and specifications as
would meet the approval of a member of the board of civil
engineers, cannot be sustained.   The complaint tells us that
the consideration of the contract sued upon was the pay-
ment by the plaintiff of the remainder of the contract price
for the building of the original dam, before inspecting the
dam.   Manifestly it was not the plaintiff's purpose to inspect
the dam to ascertain whether the plans and specifications were
sufficient which the plaintiff itself furnished, but to ascer-
tain whether the defendant and his sons had performed their
part of the contract.   Upon the facts before us, and espe-
cially in view of the consideration of this contract and of the

absence of any express provision in it that the defendant should rebuild the dam upon any other than the original plans, it would be unreasonable to interpret it as requiring him to rebuild it upon plans which might call for the expenditure of several times the amount which it cost to construct the original dam. The contract only required the plaintiff to rebuild upon the plans upon which he had built the first dam.

The court properly admitted evidence in proof of the allegations of the answer which were demurred to, and were afterwards denied by the reply; and upon the facts alleged in the answer and found proven, the defendant was entitled to a judgment upon the ground that the contract sued upon was illegal. It follows that neither the finding by the court of the facts claimed by the plaintiff not to have been properly pleaded, namely, that the plaintiff did not intend to rebuild the dam upon the old plans, and did not give the defendant an opportunity to rebuild it although he was ready and willing to do so, nor the rulings of the court admitting evidence to prove those facts, could have harmed the plaintiff.

There is no error.

In this opinion the other judges concurred.