ALICE E. WIKANDER, BY NEXT FRIEND, DEFENDANT IN ERROR, v. UVALDE ASPHALT PAVING COMPANY, PLAINTIFF IN ERROR.

Argued February 27, 1912—Decided July 12, 1912.

A horse and wagon being driven through a public street, and while near to and passing a steam roller, a dense cloud of black smoke was discharged from the roller's stack, frightening the horse and causing him to back the wagon into a child four and a half years old, the plaintiff below, who was playing in the street near the curb, knocking her down and seriously injuring her. Held, that the questions whether the act of the defendant in discharging the dense cloud of smoke was calculated to frighten a gentle horse and was an unnecessary act or a necessary act, but negligently performed, were for a jury to determine and were properly submitted to it.

On error to the Hudson Circuit.

Before Justices BERGEN and KALISCH.

For the plaintiff in error, Lindabury, Depue & Faulks.

For the defendant in error, Alexander Simpson.

The opinion of the court was delivered by

KALISCH, J. The plaintiff recovered a judgment against the defendant company upon the ground that the defendant, by its servants, negligently managed and operated a steam roller in a public street. The alleged negligence complained of is that the steam roller emitted dense volumes of black smoke at a time when a horse, drawing a wagon, under the care of a driver, was approaching and near to the roller, thereby causing the horse to back the wagon into a child four and a half years old, who was playing in the street, near the curb, and seriously injuring her. The defendant moved for a nonsuit and for a direction of a verdict for the defendant, both of which motions were based upon the

ground that the plaintiff had failed to show that there was any negligence on part of the defendant company that was the proximate cause of the plaintiff's injury. The trial judge refused to grant either motion, to which refusals the defendant duly excepted and the correctness of the court's rulings is now here under review on a writ or error.

The defendant's main contention is, that the court erred in refusing to take the case from the consideration of the jury. An examination of the testimony convinces us that the case was a proper one for the determination of a jury. There was testimony from which a jury might reasonably have found that the "hooking up of the fire," which sent out the dense volumes of smoke at the time the horse was approaching and passing the roller frightened the horse and caused the plaintiff's injury, was either an unnecessary act, or, if a necessary act, was negligently performed. There was testimony which, if believed, warranted a jury in finding that it was the sight of the dense volumes of black smoke issuing from the roller's smoke stack that frightened the horse. There was evidence that the horse was old and very gentle. A steam roller is a formidable enough looking engine in its necessary operation in the public street to frighten horses. From the testimony, however, it appeared that it was at the time when the steam roller emitted a thick volume of black smoke that the horse became frightened. It further appeared that the defendant's servant, before he "hooked up the fire," took no precaution whatever to ascertain whether any vehicle drawn by a horse was near or approaching. Under such circumstances, it seems to us, the question of the defendant's negligence was one for the jury to determine. The facts of this case are controlled by the legal principles enunciated by Mr. Justice Trenchard, who delivered the opinion of the Court of Errors and Appeals in *Butler* v. *Easton and Amboy Railroad Co.*, 47 *Vroom* 703.

The defendant's further contention is that the injury to the plaintiff was the result of an independent, negligent act of the driver of the wagon, because when the latter saw the roller he failed to take all precautions to prevent an accident but continued to drive on and past the roller, and therefore

the injury to the plaintiff was the proximate result of the driver's negligence and not of the defendant's. The driver was lawfully in the street. He had a right to pass the roller. He was under no duty to anticipate that there would be an extra quantity of black smoke discharged from the roller as he was near to and passing it. *Butler* v. *Easton and Amboy Railroad Co., supra* (at *p.* 707). But suppose he was chargeable with all this and was also negligent, it is far from sound reasoning and principle that thereby the defendant's act became divested of negligence or became merged in the driver's negligence, so as to exonerate the defendant from liability for the result that followed. The fallacy of the defendant's contention lies in assuming that it was an independent act of the driver of the wagon that was the sole cause of the injury to the plaintiff, whereas, if the driver was negligent, it was the co-operating negligence of the driver with that of the defendant that resulted in an injury to the plaintiff. And under such circumstances the defendant would be liable. "The initial force that set in motion the train of circumstances by which the plaintiff was injured," was the emitting of the dense volumes of black smoke by the roller when the horse was near to and passing it that frightened the horse, and therefore the defendant cannot escape liability for the consequences that ensued. *Collins* v. *West Jersey Express Co.,* 43 *Vroom* 232; *Walling* v. *Central Railroad Co.,* 53 *Id.* 506.

The judgment of the Circuit Court should be affirmed.