DELIA SICKMUND *vs.* THE CONNECTICUT COMPANY.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued December 3d, 1936—decided January 8th, 1937.

*James W. Cooper,* with whom was *Charles A. Watrous,* for the appellant (defendant).

*Michael A. Ciano,* with whom was *James E. McKnight,* for the appellee (plaintiff).

BROWN, J. In this action the plaintiff sued for damages for personal injuries claimed to have been sustained by her while a passenger on the defendant's bus, by a fall caused by the slipping of her foot on the bus step as she was getting on, due to the defendant's

negligence in permitting this step to become worn and slippery, and in stopping the bus so tilted toward the plaintiff as to accentuate the hazard therefrom. The jury rendered a verdict for the plaintiff, which the court refused to set aside. From this ruling, and from the judgment, for claimed errors in the trial, the defendant appealed.

The first error assigned is the denial of the defendant's motion to set aside the verdict. In so far as the motion is predicated upon the lack of evidence sufficient to support the jury's finding that the defendant was negligent, it is without merit. The testimony of the plaintiff's witnesses as to the worn and slippery condition of this step, taken in connection with the photograph of it in evidence, and the view thereof had by the jury during the trial, together with the evidence that it was not safe for public use, presented for the jury's determination the question whether the defendant was negligent in permitting it to become defective. The motion is likewise without merit in so far as lack of evidence of freedom from contributory negligence upon the plaintiff's part is relied upon. Whether the plaintiff exercised due care under the circumstances was a question for the jury.

Another ground of the motion is that there is no evidence to support the jury's finding that the damages awarded were caused by the plaintiff's fall. It is undisputed that the plaintiff had been suffering with diabetes for several years before this accident on June 14th, 1933, that the accident resulted in two small abrasions on her leg and the contusion of her knee, that on July 10th, 1933, she sustained a burn on her head while having her hair treated, and that a very substantial part of the damage which she suffered subsequent to June 14th, 1933, consisted of a diabetic upset, involving pain and disability, and necessitating

medication, doctor's care, and hospitalization. To prove that this element of damage resulted from her fall, the plaintiff called Dr. Bizzozero and Dr. Kirschbaum who treated her on July 19th or 20th, 1933, and thereafter, primarily to alleviate her diabetic upset. Each expressed it as his opinion that upon her history as given by the plaintiff, this upset was traceable to her injury on the bus, but on cross-examination stated that no head burn was included in this history, and that without knowing the extent of the burn he could not differentiate between the effect of the fall and of the burn upon the plaintiff's diabetic upset. Dr. Bizzozero stated a large head burn might cause such an upset. The only testimony as to the nature of the burn was that of the plaintiff, that it was a third degree burn, and of Dr. Morrill that from the history he thought it was a second degree burn and fairly extensive. Although the plaintiff and her witness Mrs. Lawlor testified they felt the fall affected the former's diabetic condition, apart from the testimony of Drs. Bizzozero and Kirschbaum, the only evidence that the fall, as distinguished from the burn, was the cause of the diabetic upset, was that to be inferred from the plaintiff's testimony that she was taken to the hospital for the pains in her leg and not because of the burn.

The testimony of Dr. Corbett, who treated the plaintiff from June 14th, 1933, to July 17th, 1933, was undisputed to the effect that diabetes didn't affect the healing of her leg wounds, that aside from a trace which appeared twice he found no sugar in her urine, and that there was no acetone prior to July 10th, but that during the ensuing week the pain in her left leg and back became much worse, the plaintiff complained that she couldn't sleep at all, and at the end of the week her urine showed four-plus sugar, and she had

acetone and diacetic acid. It was undisputed that these concomitants were all essentially involved in her diabetic upset.

The verdict in this case, for $1000, cannot be supported in the absence of evidence from which the jury could reasonably find that the plaintiff's fall on the bus caused her diabetic upset. The burden rested upon the plaintiff to prove this by sufficient evidence. *Quackenbush* v. *Vallario,* 114 Conn. 652, 657, 159 Atl. 893. As appears from the above reference to the only testimony upon this issue, she did not sustain this burden. The failure of Drs. Bizzozero and Kirschbaum in their opinion to take into account at all the burn as a causal factor, and their inability to differentiate between the effect upon the plaintiff's diabetic upset of the fall and a burn of the nature indicated by the undisputed evidence, render their testimony insufficient. And this is the more apparent in view of the strong inference arising from Dr. Corbett's testimony that the burn had a very definite causal connection with the upset. Nor can the plaintiff's own testimony from which the fall, as distinguished from the burn, might be inferred as the cause, satisfy the burden which was hers. This is because of our well established rule that "When a topic requiring special experience of an expert forms a main issue in the case, the evidence on that issue must contain expert testimony or it will not suffice." *Slimak* v. *Foster,* 106 Conn. 366, 368, 138 Atl. 153. This issue clearly falls within this rule. As we said in *O'Meara* v. *Columbian National Life Ins. Co.,* 119 Conn. 641, 645, 178 Atl. 357, where the cause of a decedent's unconscious condition was in issue: "The effects upon the human system of diseases or injuries such as are here involved are not within the sphere of common knowledge. To understand such matters, the testimony of witnesses

possessing special knowledge and skill in the sciences of medicine and surgery is required. Whether the injuries were of such character as in reasonable probability would have caused his unconsciousness presented a medical question requiring the testimony of men skilled in that profession. It was not permissible for the jury of laymen without such expert testimony to speculate as to the cause of his unconscious condition." The production of expert testimony to show the causal connection here was essential to the plaintiff's case. *Bates* v. *Carroll*, 99 Conn. 677, 679, 122 Atl. 562. As above stated, there was not sufficient evidence to support the verdict and the court erred in denying the defendant's motion to set it aside.

In so far as the questions involved might arise upon the retrial of the case, we discuss briefly certain of the other errors assigned. The court in its charge, after it had twice correctly stated the duty upon the defendant as a common carrier to be "to exercise the highest degree of care and skill which may be reasonably expected of intelligent and prudent persons engaged in that business, in view of the instrumentalities employed and the dangers naturally to be apprehended" (*Roden* v. *Connecticut Co.*, 113 Conn. 408, 413, 155 Atl. 721), in referring specifically to the defendant's duty to carry passengers in safety including the furnishing of reasonably safe buses, involving the duty to inspect and repair, reiterated that the defendant was bound to use the highest degree of human skill in this connection, but failed to include the qualification of the rule contained in the above quotation. This might have led the jury to understand that this duty rested upon the defendant irrespective of the instrumentalities employed and the dangers naturally to be apprehended. *State* v. *Gallivan*, 75 Conn. 326, 333, 53 Atl. 731. The court should have made clear

that this qualification limited the defendant's duty as to these matters to which specific reference had been made. Even with the two paragraphs of the defendant's draft-finding pertinent to certain of its requests to charge, added to the finding, the record discloses that the court properly refused to give any of these requests referred to in the defendant's assignment of errors.

The other errors assigned by the defendant relate to rulings upon evidence. As we have already pointed out, the plaintiff's testimony that the injury to her leg and not the burn on her head, was the cause of her being taken to the hospital, was insufficient to support a conclusion by the jury that the former was the cause of her diabetic upset, since lay testimony was not competent to resolve that issue lying within the field of expert knowledge. But the question, "What was the cause of your being taken to the hospital?" was properly allowed, calling, as it patently did, simply for a statement of her understanding of why she entered the hospital.

The court in the exercise of its discretion properly admitted the testimony of Arthur J. McDonald that the step was not safe. The evidence of his experience as an elevator inspector was sufficient to warrant the court in concluding he possessed a peculiar knowledge on the subject not common to mankind in general, sufficient to qualify him as an expert. *Taylor* v. *Monroe*, 43 Conn. 36, 43. And further, as a witness who was present and observed the condition of the step at the time, he could properly testify as to the safety of it for use by the public. *Sydleman* v. *Beckwith*, 43 Conn. 9, 13; *Taylor* v. *Monroe*, supra, 45; *Ryan* v. *Bristol*, 63 Conn. 26, 38, 27 Atl. 309; *Lunny* v. *Pepe*, 116 Conn. 684, 687, 165 Atl. 552.

The questions addressed by the defendant to its wit-

ness Arthur S. Gates to bring out how the character of the step in question compared with that of steps on hundreds of other buses he had inspected for the public utilities commission were properly excluded. Evidence of the methods and practices of other persons engaged in a like occupation may be admissible to aid the jury in determining whether the methods or practices in question in the trial before them conform to the standard of care applicable to the situation they are considering. *Ferrie* v. *Sperry,* 85 Conn. 337, 343, 82 Atl. 577; *Pope Foundation, Inc.* v. *New York, N. H. & H. R. Co.,* 106 Conn. 423, 435, 138 Atl. 444. Where, however, the contention is, as here, not that the equipment as such was insufficient for the protection of passengers, but that it had been so worn as no longer to serve that purpose, the rule is not applicable. The degree of wear upon the steps of other buses would of course vary with each bus and no uniform practice in that regard could be established.

The fact that the attention of Mrs. Lawlor was directed by use of the photograph in evidence to the bus step, did not render inadmissible her answer to counsel's question, based on her recollection, that it was badly worn. Upon this record we cannot determine whether the court erred in refusing to admit in evidence, under § 1675c of the 1935 Cumulative Supplement to the General Statutes, the inspection card offered by the defendant through the witness Rafford, upon which it claimed he had recorded on May 22d, 1933, in the course of his duty, the condition of the step as he then found it. Its exclusion could not constitute reversible error unless it was both wrongful and harmful. The marking of the letter for identification and printing of it in the record were essential to presenting the question of its admissibility. *Roberti* v. *Barbieri,* 105 Conn. 539, 543, 136 Atl. 85.

The dates of the plaintiff's admission to and discharge from the hospital being in evidence and undisputed, the plaintiff in rebuttal called the hospital historian for the declared purpose of bringing out that the defendant's counsel had summoned her with the hospital record of the plaintiff's case, to ascertain whether she had been treated for a head injury, and having discovered that it disclosed no such treatment, failed to call the witness or offer the record. Plaintiff's counsel claimed a right to show this as tending to rebut the defendant's claim that the head burn of July 10th, 1933, rather than the fall on the bus of June 14th, 1933, was the cause of her damage. Assuming, what this record fails to disclose, that the content of the hospital record was as the plaintiff claimed, the court erred in admitting this evidence. The plaintiff's counsel conceded of record that the only part of the hospital record admissible was that showing the dates of the plaintiff's admission and discharge. Therefore, in the light of his claim above recited, it is clear he sought by this method to raise an inference unfavorable to the defendant predicated on its counsel's failure to offer the admittedly inadmissible portion of the hospital record. A party cannot make evidence for himself by commenting on the other's failure to use inadmissible material. *Mattice* v. *Klawans,* 312 Ill. 299, 143 N. E. 866, 870; *Blaisdell* v. *Davis,* 72 Vt. 295, 48 Atl. 14, 19. And for like reason he cannot do so by the method here utilized by the plaintiff. The rule is particularly applicable here where the witness and the record being equally within the control of both parties, the failure of the defendant to offer them raised no presumption against it that if it had they would have been harmful to its case. *Cullum* v. *Colwell,* 85 Conn. 459, 466, 83 Atl. 695. The examination permitted gave basis for an inference that

the inadmissible evidence was favorable to the plaintiff. This ruling constituted harmful error.

There is error and a new trial is ordered.

In this opinion the other judges concurred.