MARTIN PALEY *v.* H. S. PALMER ET ALS., TRUSTEES OF THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

MALTBIE, C. J., JENNINGS, ELLS, DICKENSON and INGLIS, Js.

Argued October 8—decided November 10, 1942.

*Samuel E. Friedman,* with whom was *Irwin E. Friedman,* for the appellant (plaintiff).

*Edwin H. Hall,* with whom, on the brief, was *James W. Grady,* for the appellee (defendant).

PER CURIAM. The plaintiff brought this action to recover for injuries suffered when he fell in a passen-

ger coach of a train operated by the defendant trustees. The jury rendered a verdict in his favor and he has appealed from the ruling of the trial court setting it aside. His claim is that as he rose to leave his seat one foot was caught between a footrest attached to the seat in front of him and some mechanism under that seat and he was thrown to the floor of the car by the lurching of the train as it was coming to a stop. He charges the defendants with negligence in the way in which the footrest and mechanism were constructed and in the lurching and jolting of the car. The uncontradicted evidence was that the car was a modern air-cooled coach, that the same type of construction was used in about fifty coaches delivered to the defendants by the manufacturer and in coaches in use on several other large railroads and that no accident caused by the mechanism in question had ever been reported to the defendants' claim agent who had supervision of all claims arising in Connecticut. These circumstances furnish strong evidence that there was no negligence on the part of the defendants in using the type of construction embodied in the coach. *Godfrey* v. *Connecticut Co.*, 98 Conn, 63, 69, 118 Atl. 446; *Dibble* v. *New York, N. H. & H. R. Co.*, 100 Conn. 130, 140, 123 Atl. 124; *Firszt* v. *Capitol Park Realty Co.*, 98 Conn. 627, 638, 120 Atl. 300; *Sickmund* v. *Connecticut Co.*, 122 Conn. 375, 382, 189 Atl. 876; *Miller* v. *Poli's New England Theatres, Inc.*, 125 Conn. 610, 615, 7 Atl. (2d) 845; *Wray* v. *Fairfield Amusement Co.*, 126 Conn. 221, 224, 10 Atl. (2d) 600. The only basis upon which the jury could have found the defendants negligent was testimony as to the circumstances of the plaintiff's fall and photographs of the footrest and adjacent mechanism. As against the other evidence in the case, this would not reasonably justify a conclusion that the defendants were negligent in using a coach constructed as was

the one in question. The only evidence in support of the contention that there was negligence in the operation of the train was that there was a "jolt," that it "jerked and jolted" and that the plaintiff fell. He testified, however, that the jolt or jerk did not cause him to fall; he was at the time standing on one foot, with his other caught under the seat ahead of that in which he had been sitting; and while there was evidence that at the time there were many passengers standing in the aisle of the car, there was none that any of these were affected. The evidence was insufficient to afford a reasonable basis for a conclusion that the train was stopping in so unusual a manner as to constitute negligence. *Rosenthal* v. *New York, N. H. & H. R. Co.,* 88 Conn. 65, 67, 89 Atl. 888; *Belledeau* v. *Connecticut Co.,* 110 Conn. 625, 628, 149 Atl. 127.

There is no error.