JOHN G. GORDON ET AL. *v.* WILLIAM PEVETTY ET AL.

WILLIAM PEVETTY *v.* THE H. P. HALLOCK COMPANY

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued June 12—decided August 14, 1951

*William L. Beers,* with whom was *Alfred F. Celentano,* for the appellant (plaintiff and defendant Pevetty).

*Jerome Hershey,* for the appellees (plaintiffs in first case).

*Arthur Klein,* with whom, on the brief, was *Robert J. Woodruff,* for the appellee (defendant in second case).

BROWN, C. J.   These two cases were tried together. In the first, the plaintiffs Gordon, husband and wife, who were tenants of a house owned by the defendant Pevetty, sued him and the defendant Hallock Company, which had installed an oil burner therein for Pevetty, to recover for damage to their clothing and other personal property caused by smoke emitted by the burner, in consequence of the alleged negligence of the defendants.   In the second, Pevetty sued the Hallock Company for property damage due to the smoke, on the ground of its claimed negligence and breach of warranty.   The court rendered judgment in the first case for the plaintiffs to recover of Pevetty but in favor of the Hallock Company, and in the second case in favor of the Hallock Company.   Pevetty has appealed from the judgment in each case.

We summarize the undisputed facts.   In the summer of 1948 Pevetty constructed a small three-room cottage on his property at Short Beach.   A combination gas stove and oil heater was purchased from the Hallock

Company, which installed it in response to Pevetty's directions and connected it with the only chimney in the cottage without investigating the chimney's construction. Late in August the Gordons began their occupancy of the cottage as tenants and brought in their clothing and other belongings. The cottage was a one-story building with a flat roof and the chimney extended but eight inches above the roof. A large workshop, also owned by Pevetty, was located a short distance from it. On October 5, 1948, while the Gordons were away, in response to Pevetty's request to the Hallock Company to start the heater, its employee cleaned out the oil line and lit the burner in the stove. It burned with a clear flame and in a safe and normal manner. An employee of the Pevetty Equipment Company, which operated in the nearby building, had admitted the employee of the Hallock Company to the cottage. Before leaving, the latter asked the former if the burner was to be left lighted. Upon receiving an affirmative answer, the Hallock Company employee replied that the burner would have to be watched and checked. The other agreed to attend to this but failed to do so. On the following morning heavy black smoke was pouring from the chimney and a smudge from the burner had covered the interior of the cottage and its contents, causing the damage complained of. Subsequently, upon Pevetty's request, the Hallock Company increased the height of the chimney by four feet and installed a shanty top or hood on it so that no wind could go down the chimney.

In the view which we take of the first case, but one of the two grounds of negligence claimed requires consideration. This, as the complaint alleges, was Pevetty's negligence "in failing to see that the oil burner installed in said house was sound and free from defect for operation in said house and that said house

was properly constructed so as to permit the operation of said oil burner." In support of this allegation, the court found these further facts, which are attacked by the defendant's assignment of errors: The burner had been properly installed by the Hallock Company and was in good condition and good working order. The smoking of the stove was caused when a down draft of air in the chimney blew out most of the flame, while the oil continued to come in from the fuel line upon the hot burner, thus creating the smoke which in turn damaged the interior of the cottage. The down draft was caused by the use of a chimney which, as constructed, was of insufficient height on the one-story cottage. This low structure was only forty feet from Pevetty's four-story shop. The difference in height caused the wind blowing across the roof of the larger building to be funneled down the chimney of the cottage. The chimney should have been higher because of the location of the taller building nearby. Although the chimney, made of square tile, extended only eight inches above the roof of the cottage, it had no check or means of excluding the wind.

As is made clear by the defendant Pevetty's brief, his claim is not that there is no evidence to support these findings but rather that the "real substantial question is simply whether there was any competent evidence from which the court could have found that the smoking of the stove was caused by a down draft." The testimony, which was ample to sustain this finding and the other facts recited above, was received in evidence without objection or qualification and came from the mouths of a number of witnesses, all of whom had had many years of experience in the installation and operation of similar burners connected with chimneys. The knowledge of these witnesses, acquired from their experience, was greater than that of the or-

dinary man, and for that reason their testimony would properly have been admitted even if it had been objected to. *Taylor* v. *Town of Monroe*, 43 Conn. 36, 44; *Sydleman* v. *Beckwith*, 43 Conn. 9, 13; *Sickmund* v. *Connecticut Co.*, 122 Conn. 375, 382, 189 A. 876; *Rogoff* v. *Southern New England Contractors Supply Co.*, 129 Conn. 687, 691, 31 A. 2d 29; *Wray* v. *Fairfield Amusement Co.*, 126 Conn. 221, 224, 10 A. 2d 600; *Sanderson* v. *Bob's Coaster Corporation*, 133 Conn. 677, 682, 54 A. 2d 270. The court's findings predicated upon this evidence cannot be disturbed. The same holds true of its controlling conclusions based upon the facts found. The purport of these is that Pevetty is liable, under the allegation of the complaint which we have quoted, for the damage sustained by the plaintiffs, of which the lack of height of the chimney, due to its structure as a part of the structure of the cottage, was an independent proximate cause. There is no error in the first case.

Pevetty's complaint in the second case alleges a breach by the Hallock Company of its warranty that the "stove was the type required for said premises, and that it would work perfectly." It also alleges the Hallock Company's negligence and failure to take proper and necessary precautions in doing the work on the stove. The lack of any finding by the court of a breach of warranty stands unchallenged. As in the first case, the court found that the damage was due to the down draft consequent upon the structural condition of the chimney under the existing circumstances, and concluded that it was this, and not negligence upon the part of the Hallock Company, which caused Pevetty's damage. It further found and concluded, relative to negligence of the Hallock Company, that in the vicinity of New Haven it is the well established custom and usage of stove dealers in installing oil burners to con-

nect the burner to the chimney indicated without an independent investigation of the chimney, and that no duty rested upon the Hallock Company in this case to make an independent investigation of the chimney. The court's findings and conclusions in the second case are warranted upon the record and fully support its judgment in favor of the defendant.

There is no error in either case.

In this opinion the other judges concurred.