Plaintiff, a Delaware corporation with an office and place of business in Bridgeport, Connecticut, is engaged in the business of selling and installing oil burners. Defendants, husband and wife, are the owners of a certain building in nearby Stratford. On November 15, 1955, the parties entered into a written contract under the terms of which the defendants agreed to purchase of the plaintiff an oil burner and the plaintiff agreed to install the burner in the Stratford building of the defendants. The sum of $1689 was the agreed contract price between the parties. On November 30, 1955, the plaintiff applied for and received a permit from the building inspector of Stratford for permission to install the burner. At about that time the defendants had their application for a loan to finance the undertaking approved by a Bridgeport bank.
A clause in the contract printed in italics reads: "Buyer [viz., defendants] agrees to provide for the heating plant a good and sufficient chimney for receiving smoke pipe, and if the said chimney does not prove efficient, Buyer to adjust the same properly at Buyer's own expense, to insure a perfect draft for the heating plant."
On or about December 10, 1955, the building inspector in his official capacity visited the premises. At that time the burner had already been installed in the basement of the building and was ready to be connected with the chimney which extended down centrally to the first floor of the structure. The inspector upon examining the chimney found that it was defective and refused to permit the connection because it would create a fire hazard. His recommendation was that a new chimney be built. The burner could be connected with facility to the new chimney when built. *Page 343 
The defendants refuse to construct a new chimney. Clearly the reason is because of the expense of that undertaking. They ordered the plaintiff's workmen off the premises. So it is in this action the plaintiff is seeking to recover damages of the defendants for alleged breach of contract. In a special defense filed by way of amendment to their answer by permission of court at the commencement of trial, the defendants allege: "The contract entered into by the parties cannot be executed for the reason that it is a contract to perform certain acts that have been prohibited by the enforcement officers of the Town of Stratford and for that reason is void."
At the outset it is noted that while the written contract between the parties is labeled "Conditional Sales Contract" in the prefatory legend, it is not a contract of that nature, as appears from its operative subject matter. The defendants were to pay the entire price in one sum from a loan approved by a bank, as already noted. Hence the contract differs from the ordinary contract of sale because it involves work and labor as well as the furnishing of materials. It follows that the plaintiff's remedy against the defendants, if the facts accord it one, is for breach of the contract as a whole. See FrederickRaff Co. v. Murphy, 110 Conn. 234, 241.
An official of the plaintiff testified that it is the custom of the trade in Fairfield County in installing burners to be connected with chimneys, to do so without an independent investigation of the particular chimney. And on the evidence before it the court so finds. This disposes of the argument made by the defendants that it was incumbent upon the plaintiff to first ascertain if the chimney in question was suitable for the undertaking. Cf. Gordon v. Pevetty,138 Conn. 287, 292. *Page 344 
The contract in question specifically places upon the defendants the obligation to provide a good and sufficient chimney at their own expense. See quoted clause of contract, supra. Furthermore, the custom of the trade negatives any implied obligation of the plaintiff to have ascertained in advance the situation regarding the chimney. As it developed, a new chimney is required. "A contract is an agreement between two or more persons to do or not to do a particular thing; and the obligation of a contract is found in the terms in which that contract is expressed, and is the duty thus assumed by the contracting parties respectively to perform the stipulations of such contract." Barlow v. Gregory,31 Conn. 261, 265.
The interposed special defense of the defendants fails. For all that appears, the burner installed by the plaintiff can be used providing a new chimney is constructed. And contractually that obligation belongs to the defendants. The contract itself is not illegal. The prohibition concerns an obligation assumed by the defendants relating to the chimney. Such can be lifted by the defendants. That to do so may involve an expense not anticipated by them is a circumstance that should not act as a penalty to the plaintiff. The plaintiff has remained ready, willing and able to complete its contractual obligation. The default lies with the defendants. Wilcox Mfg. Co.
v. Brazos, 74 Conn. 208, cited by the defendants, is factually distinguishable and not in point. It avails them nothing.
The remaining question relates to damages which the plaintiff may be found entitled to recover. "The general rule regarding breaches of contract . . . is that the injured party shall recover that compensation which will leave him as well off as he would have been had the contract been fully performed." *Page 345 Lee v. Harris, 85 Conn. 212, 214; Frederick Raff Co.
v. Murphy, 110 Conn. 234, 242.
It appears that the plaintiff has paid the salesman his commission of $202.68. So also the plaintiff has incurred other substantial expenses for labor and materials, the latter including the cost of the burner to it, and charges for trucking. An official of the plaintiff testified that the outlay of a further sum of $489 would be avoided as additional expense to it since the plaintiff is not permitted to complete its contract.
As applied to this case, the operative rule of damages is that the plaintiff "must give credit, in striking the balance, for whatever [it] has been saved by being excused from performing." McCormick, Damages, p. 587; see Restatement, 1 Contracts § 335. The contract price of $1689 less $489 leaves a balance of $1200. Hence $1200 plus interest of 6 per cent per annum from December 10, 1955, gives the measure of basic damages owing to the plaintiff. This method of computation reimburses the plaintiff for all expenses incurred by it as far as it was permitted to go in the performance of the contract, credits the defendants with additional expenses not incurred by the plaintiff, and at the same time accords to the plaintiff the net profit it would have realized had it been permitted to complete fully its contract. Interest thereon is allowed to meet the justice of the situation. Lewin Sons, Inc. v.Herman, 143 Conn. 146, 151, and cases cited. Such amounts to approximately $97. Total award of damages in this connection is determined to be $1297.
Plaintiff's complaint alleges "reasonable attorney's fees" as an additional item of damages. The contract includes a provision which specifies that the defendants agree "to pay any reasonable attorney fee allowed by law." The construction given *Page 346 
by the court to this provision in conjunction with the terms of the contract as a whole is that a reasonable attorney's fee should be allowed the plaintiff in the computation of damages. Since the provision uses the word "reasonable" as the criterion of the allowance, it cannot be said that public policy would be contravened by including such fee as an allowable item of additional damages. 12 Am. Jur. 686, § 185. The schedule of minimum fees approved by the Bridgeport Bar Association has been put in evidence. An allowance of one-third of the plaintiff's recovery could be sanctioned thereunder. But the court deems that 25 per cent of the determined principal obligation of the defendants ($1200), exclusive of interest thereon, would constitute a reasonable attorney's fee as an additional item of recovery. Such is set in the amount of $300.
 Judgment may enter awarding the plaintiff as damages the sum of $1297 plus the further item of $300 as specified, together with taxable costs.