[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs bring this action against the defendant in a three count complaint, negligence, breach of contract and misrepresentation, alleging damages caused by an underpayment of a fire loss to their property. They CT Page 15143 allege that the owner, Kathleen Godin, of premises at 433-435 Prospect Avenue, West Hartford, obtained a fire policy for the insured property from ITT Hartford (Hartford) through the defendant for the period of September 27, 1997 to September 27, 1998 and suffered fire loss on December 17 1997, at a time when all payments required had been paid. The insurer refused to pay the cost of replacing the fire damage in excess of the replacement cost coverage of the policy.
The evidence produced that Mrs. Godin purchased the insured three-family house in 1978 as rental property. Mr. Godin managed this property as well as other rental properties purchased by the Godins. The Godins contacted Richard Traskos who was in 1978 employed by Allen, Russell Allen as an insurance agent and a policy was obtained from the "Hartford". The Godins wanted replacement cost coverage for the building and rental loss coverage for the income. Neither had any recall of the specific discussion with Traskos but left the coverage to him. They always felt that they were adequately covered by insurance but left the paperwork up to Traskos. They noticed an annual increase in their coverage. Traskos took the Godins' account when he transferred his employment in 1993 from Allen, Russell Allen to the defendant. The "Hartford" required a new application form to be filed and Traskos admitted that he filled out said form without the aid of the Godins from the past paperwork of the account while with Allen, Russell Allen.Plaintiff's Exhibit 6. This form contained several errors such as square footage and the built date. It did have a coverage of $167,000 on the building and a rental loss coverage. On prior occasions the Godins had refused a coverage for "demolition and additional costs of construction," see Defendant's Exhibit F, and had previously discussed only having sufficient coverage to make a similar purchase, that is, market value rather than actual replacement cost coverage. Traskos was not an appraiser or an expert on valuation of real property. The policy was renewed each year until the fire, the coverage being increased by what Traskos called an "inflationary charge" determined by the "Hartford." It is acceptable for agents to take the owner's evaluation or a carryover evaluation.
Lynn Cacciola, a senior account representative employed by the defendant, testified that, from the date in 1993 when the plaintiffs' insurance account came to the defendant, that she reminded the plaintiffs to review their policy coverage limits on their insurance when she sent out their commercial insurance package to them. See Defendant's ExhibitsA, B, C, F and H.
After this presentation of evidence by the plaintiffs, the defendant moved for judgment of dismissal pursuant to Practice Book § 15-8 in that the plaintiffs have failed to set out a prima facie case with CT Page 15144 respect to any of their claims.
In evaluating a motion to dismiss the evidence offered by the plaintiff is to be taken as true and interpreted in the light most favorable to the plaintiff and every reasonable inference is to be drawn in the plaintiffs' favor. Thomas v. West Haven, 249 Conn. 385, 392; Angelo Tomasso, Inc. v.Armor Construction Paving, Inc., 187 Conn. 544, 548.
The plaintiffs allege that the defendant at their request procured a fire policy for their Prospect Avenue property and that, after a fire on said premises on December 17, 1997, they found that the policy had inadequate coverage to replace their entire loss. Where a broker or agent places the insurance in the absence of a selection by the insured he owes a duty to his principal to exercise reasonable skill, care, and diligence in effecting the insurance, and any negligence or other breach of duty on his part which defeats the insurance which he undertakes to secure will render him liable to his principal for the resulting loss. Ursini v.Goldman, 118 Conn. 554, 559. Although the plaintiffs produced through James Howard, an employee of the "Hartford" that the cost of replacing the building was in excess of the stated coverage of the policy, no admissible evidence of that cost was ever produced.
The plaintiffs appeared to rely on a special relationship with Traskos, an employee of the defendant under the principle set out inSobotor v. Prudential Property Co., Inc., 200 N.J. Super. 333, 341,491 A.2d 737 (1984) "because of the increasing complexity of the insurance industry and the specialized knowledge required to understand all of the intricacies, the relationship between the insurance agent and a client is often a fiduciary one." However when a topic requiring special experience of an expert forms a main issue in the case, the evidence on that issue must contain expert testimony or it will not suffice. Sickmund v. Connecticut Co., 122 Conn. 375, 379; Monterose v.Cross, 60 Conn. App. 655, 658. It is necessary for expert testimony to assist the lay fact finder to understand the applicable standard of care and to evaluate the defendant's actions in light of that standard.Santopietro v. New Haven, 239 Conn. 207, 226. In the present case, considering the neighborhood described as a mix of commercial and residential, there is a question whether a prudent choice of fire coverage would be market value so as to put the insured in a position of purchasing another piece rather than actual replacement value to be able to replace the building in a location inappropriate to profitability.
Since the plaintiffs failed to prove damages and has the burden to present a default in the standard of care through expert testimony, they have failed to present a prima facie case whether in negligence, breach of contract or misrepresentation. CT Page 15145
For the above reasons the motion of the defendant to dismiss is granted.
Thomas H. Corrigan Judge Trial Referee