## ZOFIA MROCZEK *v.* TADEUSZ KRET
## (AC 23911)

Foti, Bishop and McLachlan, Js.

Argued October 14, 2003—officially released January 20, 2004

*Duane Lueders*, for the appellant (plaintiff).

*Rodd J. Mantell*, with whom was *Christopher P. Kriesen*, for the appellee (defendant).

*Opinion*

BISHOP, J. In this personal injury action, the plaintiff, Zofia Mroczek, appeals from the judgment of the trial court, rendered after a jury verdict in favor of the defendant, Tadeusz Kret. On appeal, the plaintiff claims that the court improperly barred her engineering expert from testifying that in his opinion, the area in which the plaintiff fell was unsafe.[1] We affirm the judgment of the trial court.

---

[1] The plaintiff also claims that the court abused its discretion by refusing to submit her proposed interrogatories to the jury and that that refusal unnecessarily subjected her appellate claims to the general verdict rule.

" 'A party desiring to avoid the effects of the general verdict rule may elicit the specific grounds for the verdict by submitting interrogatories to the jury.' *Finley* v. *Aetna Life & Casualty Co.*, [202 Conn. 190, 203, 520 A.2d 208 (1987), overruled in part on other grounds, *Curry* v. *Burns*, 225 Conn. 782, 786, 626 A.2d 719 (1993)]. It follows that where the court has denied a proper request for interrogatories . . . the general verdict rule does not apply so as to preclude appellate review of error relating to any ground upon which the jury may have rested its verdict and to which an appropriate interrogatory has been directed." *Pedersen* v. *Vahidy*, 209 Conn. 510, 514, 552 A.2d 419 (1989).

The following facts and procedural history are relevant to our discussion of the issue on appeal. On October 9, 1999, the plaintiff visited the home of the defendant. Between the hours of 11 p.m. and 1 a.m., the plaintiff exited the home and descended a flight of concrete steps leading from the front door to the driveway. At the bottom of the steps, there was a concrete landing connected to the driveway by a sloping paved bituminous walkway. At trial, the plaintiff claimed that she fell in that area and sustained personal injuries. By way of special defense, the defendant claimed that the plaintiff was contributorily negligent.

On March 10, 2000, the plaintiff instituted the present suit in which she claimed that the defendant's negligence in maintaining the sloping walkway caused her to suffer personal injuries. At trial, she had the burden of proving, inter alia, that the sloping walkway on which she allegedly fell was unsafe. In her pretrial disclosures, the plaintiff provided notice of her intention to have an engineering expert, Morton Fine, testify at trial in regard to the condition of the sloping walkway. Shortly after receiving that disclosure, the defendant deposed Fine, who testified that in his opinion, the slope of the

Here, the plaintiff submitted to the court the following proposed interrogatories: "1. Do you find that the Plaintiff . . . fell where she testified she fell, namely the sloped area of the driveway immediately adjacent to the concrete landing at the base of the stairs? . . . 2. Do you find that the area where the Plaintiff . . . testified she fell was dangerous and defective at the time of her fall? . . . 3. Do you find that the Plaintiff . . . was contributorily negligent?" The court refused to submit the interrogatories to the jury, finding that they were unnecessary and potentially confusing.

Although we emphasize that the court has broad discretion in deciding whether to submit interrogatories to the jury, we also recognize that "the use of interrogatories has long been accepted practice in this state, and that their use to avoid the implications of a general verdict has long been favored by this court." *Gaulton* v. *Reno Paint & Wallpaper Co.*, 177 Conn. 121, 125, 412 A.2d 311 (1979). As a response to the plaintiff's third proposed interrogatory would have aided this court in divining the basis for the jury's verdict for the defendant, it was proper and should have been submitted. We conclude, therefore, that the general verdict rule does not apply to preclude review of the plaintiff's remaining claim.

walkway rendered it unsafe. During his deposition, he was not, however, able to cite any objective standards to support that opinion.[2]

The defendant subsequently filed a motion in limine seeking an order from the court precluding Fine from offering his opinion at trial that the sloping walkway was unsafe. The court granted the motion, ruling in relevant part that "the witness is not going to be permitted to give his opinion that the stairs were dangerous or that the stair's landing should have been flat. It's something that the jurors—matter of common knowledge."[3] In addition, prior to Fine's testimony at trial,

---

[2] At his deposition Fine gave the following relevant testimony:

"[The Defendant's Counsel]: So, your opinion is that there is a slope in the blacktop that renders it unsafe?

"[The Witness]: Yes.

"[The Defendant's Counsel]: Okay. Did you check to see if the . . . building code has a section applicable to the slope that you find defective?

"[The Witness]: I could not find a specific reference to this type of a situation.

"[The Defendant's Counsel]: Did you check to see if the life safety code, to see if there is a code section governing the slope that you found defective?

"[The Witness]: Not a specific item that addresses this particular issue.

"[The Defendant's Counsel]: Okay. So, then isn't it true that there are not building or safety code sections that apply to the area that you found defective?

"[The Witness]: I don't think the building code or life safety code applies to this particular situation.

"[The Defendant's Counsel]: And isn't it true that you were unable to find any building or safety code violations in the area that you were told [the plaintiff] fell?

"[The Witness]: Not any specific code violations, no."

In regard to his opinion that the area where the plaintiff fell was unsafe, Fine further testified that his opinion was not based on any specific code sections:

"[The Defendant's Counsel]: Let me ask the question again just so we understand. Your opinion is not based on any objective code, correct?

"[The Witness]: I guess the answer is no.

"[The Defendant's Counsel]: Your opinion that the area is unsafe is not based on any specific code section that applies?

"[The Witness]: I think that's correct."

[3] We note that although the court also used the phrase "ultimate issue" in rendering its decision, it is clear from our review of the transcript in its

the court stated that "the relative safety, dangerousness, steepness, et cetera, of this [slope] is a matter not requiring expert testimony. It's a matter within the everyday awareness and judgment of the jurors . . . ." Fine was, however, permitted to testify about the slope's measurements, and the photographs he took depicting the angle of the walkway were admitted as evidence.

The trial took place in late October, 2002. During the plaintiff's case-in-chief, Fine testified regarding his measurements of the sloping walkway and offered various photographs of the walkway but, in accord with the court's ruling on the defendant's motion in limine, did not offer an opinion that the walkway was unsafe. Additionally, both the plaintiff and the defendant testified as to the physical characteristics of the area in question. After the jury returned a verdict in favor of the defendant and the court rendered judgment accordingly, the plaintiff brought this appeal. With that factual context in mind, we now turn to the merits of the plaintiff's claim.

It is well established that the court has broad discretion in ruling on the admissibility of opinion testimony, and "unless that discretion has been abused or the error is clear and involves a misconception of the law, its ruling will not be disturbed." *State* v. *Palmer*, 196 Conn. 157, 166, 491 A.2d 1075 (1985); *Mack* v. *Lavalley*, 55 Conn. App. 150, 156–57, 738 A.2d 718, cert. denied, 251 Conn. 928, 742 A.2d 363 (1999). For the reasons set forth, we conclude that in the present case, the court did not abuse its discretion in precluding Fine's opinion testimony.

Our Supreme Court has held that "in cases involving questions of science and skill, or relating to some art or

entirety that the court excluded Fine's opinion on the ground that the subject in issue was a matter within the common knowledge of lay people and thus, the jury.

trade, experts are permitted to give opinions," however, that principle does not embrace those questions "the knowledge of which is presumed to be common to all men." *Taylor* v. *Monroe*, 43 Conn. 36, 43 (1875); see also *State* v. *McNally*, 39 Conn. App. 419, 424, 665 A.2d 137 (stating that expert opinion unnecessary when jury capable of determining issue on basis of its own knowledge, experience), cert. denied, 235 Conn. 931, 667 A.2d 1269 (1995); 2 Jones on Evidence (6th Ed. 1972) § 14:1, p. 580 ("special skill will not entitle a witness to give an expert opinion if the subject is one where the . . . jury is capable of forming its own conclusions from facts which are susceptible of proof in common form"). Thus, an expert may properly be precluded from stating his or her opinion on subjects that are within the common knowledge of persons of ordinary education, experience and opportunities for observation because such an opinion would not aid the jury in determining the questions at issue. The determinative question in the present case, therefore, is whether the court abused its discretion in concluding that the jurors, as persons of common understanding, were as capable as Fine of comprehending the primary facts of the subject at issue, i.e., the safety of the slope on which the plaintiff allegedly fell, and of drawing correct conclusions from those facts.

Our review of the record reveals that Fine admitted at his deposition that his opinion was not based on any objective standards.[4] From that, the court reasonably could have concluded that Fine's opinion was not based on expertise, but rather on knowledge that was within the ken of the ordinary person. As such, the court reasonably could have concluded that the question, whether the area in which the plaintiff fell was unsafe, did not concern a technical matter and, thus, Fine's opinion would not have contributed to the common

---

[4] See footnote 2.

knowledge of the jurors. In short, it was within the court's discretion to determine that the relative safety of the subject area was a matter of observation and common judgment about which a person of ordinary experience would be as capable of forming an opinion as was Fine. In the present case, the jury had the opportunity to assess the dangerousness of the sloping walkway through photographs of the area adduced as evidence at trial as well as through the testimony of its physical characteristics offered by Fine and the parties. Thus, sufficient evidence was introduced at trial that permitted the jury to visualize the slope and, therefore, to determine, by application of common knowledge and experience, whether the slope was unsafe.[5]

Under those circumstances, we conclude that the court did not abuse its discretion in precluding Fine's testimony. As a consequence, the plaintiff's claim must fail.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[5] We further note that our Supreme Court has held, in a similar factual context, that it was not improper to have the finder of fact decide the safety of a ramp without the aid of an expert. In *Lunny* v. *Pepe*, 116 Conn. 684, 165 A. 552 (1933), the plaintiff brought an action for damages for injuries she received in walking off a ramp in the defendant's store. A salient issue at trial was whether the ramp was reasonably safe. The court, acting as the finder of fact, personally inspected the ramp and ultimately reached a conclusion that the ramp was unsafe. Id., 687. On appeal, our Supreme Court affirmed the judgment of the trial court and declared that "[t]he question whether or not the ramp was reasonably safe under all the circumstances was not a matter resting wholly upon the testimony of expert witnesses, but one upon which a non-expert might reasonably reach an opinion founded upon his personal knowledge." Id. Although we recognize that *Lunny* does not stand for the proposition that it would invariably be improper to admit opinion testimony in such a circumstance, its holding buttresses our conclusion that it was not an abuse of discretion for the court to exclude an opinion on an issue within the contemplated knowledge and experience of ordinary people.